IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BURLINGTON NORTHERN AND SANTA FE RAILROAD COMPANY, Plaintiff, | § § § § § | |
| v. | § § | CIVIL ACTION NO. H-98-0653 |
| FORT BEND COUNTY, Defendant. | § § § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Fort Bend County's Motion to Dismiss ("Motion") [Doc. # 127], in which Fort Bend County asks the Court to dismiss the commerce clause claim asserted by Plaintiff The Burlington Northern and Santa Fe Railway Company ("BNSF") in its Sixth Amended Complaint [Doc. # 121]. Plaintiff filed a Response [Doc. # 137], and Defendant filed a Reply [Doc. # 140]. Having carefully reviewed the full record and having applied governing legal authorities, the Court **denies** Defendant's Motion.

**I.   BACKGROUND**

This litigation, originally filed in 1998, challenges Fort Bend County's decision to widen a public roadway that crosses the Booth Passing Track, a railroad track that allows trains to be positioned for "meets" and "passes." Fort Bend County first

sought to widen the roadway by conducting proceedings consistent with the Neighborhood Roads Statute, TEX. TRANS. CODE § 251.053. In 1998, however, the Texas Attorney General issued an opinion concluding that the Neighborhood Roads statute was unconstitutional. At that point, Fort Bend County abandoned its use of the Neighborhood Roads Statute in favor of eminent domain proceedings. In 2007, Texas's Fourteenth Court of Appeals dismissed Fort Bend County's condemnation action.

In its Sixth Amended Complaint [Doc. # 121], BNSF asserts a claim under 42 U.S.C. § 1983. Specifically, BNSF alleges that Fort Bend County's use of eminent domain proceedings in this case violated the dormant commerce clause. Fort Bend County moved to dismiss, contending that the eminent domain statute does not apply because Fort Bend County has now purchased the property in question. Fort Bend County also argues both that BNSF's claim is more properly a Fifth Amendment "takings" claim and that this is not a "takings" case because Fort Bend County has purchased the real property on which the roadway is situated.[1] The Motion has been fully briefed and is now ripe for decision.

---

[1] Fort Bend County states in its Reply that the "most effective and appropriate means of resolving the current dispute between the parties is via resolution of the County's Declaratory Judgment action . . . ." *See* Reply, p. 10. Fort Bend County's current live pleading is its "Amended Answer to Plaintiff's Fifth Amended Complaint" [Doc. # 118], which does not include a counterclaim.

## II.  DISCUSSION

### A.  Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is viewed with disfavor and is rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint.") (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)). A claim may only be dismissed if the plaintiff is not entitled to relief under any set of facts or any possible theory of recovery that it could prove consistent with the allegations in its complaint. *Priester*, 354 F.3d at 418 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

### B.  Dormant Commerce Clause

The dormant commerce clause restricts the power of a state or local governmental entity to burden interstate commerce. *Oregon Waste Sys., Inc. v. Oregon Dept. of Environmental Quality,* 511 U.S. 93, 98 (1994); *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1101 (5th Cir. 1996). When

deciding whether legislation violates the dormant commerce clause, the Court first determines "whether the challenged statute regulates evenhandedly with only 'incidental' effects on interstate commerce, or discriminates against interstate commerce either on its face or in practical effect." *Hughes v. Oklahoma,* 441 U.S. 322, 336 (1979); *see also Maine v. Taylor,* 477 U.S. 131, 138 (1986); *Texas Manufactured Housing*, 101 F.3d at 1101.  The focus is on "whether [the statute] is basically a protectionist measure, or whether it can fairly be viewed as a law directed to legitimate local concerns, with effects upon interstate commerce that are only incidental."  *Texas Manufactured Housing*, 101 F.3d at 1101 (quoting *City of Philadelphia v. New Jersey,* 437 U.S. 617, 624 (1978)).

Where, as here, there is no dispute that the statute at issue burdens interstate commerce only incidentally, the statute "will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).  The issue is one of degree -- the burden caused by application of a statute may be excessive if the statute's purpose could be promoted equally in a different manner with less impact on interstate activities. *Id.*

Fort Bend County argued in its Motion to Dismiss that the dormant commerce clause must be based on some form of legislative action.  BNSF in response takes the

position that any "governmental action" -- as opposed to a statute, regulation or other legislation – can form the basis for a dormant commerce clause claim.  *See* Response [Doc. # 137], pp. 12-13.  BNSF, however, has not cited persuasive legal authority for this argument.  Although the opinions may contain some general language, there was a statute or other legislative enactment at issue in each of the cases relied upon by BNSF.  For example, BNSF relies heavily on language from *Southern Pacific Co. v. State of Arizona*, 325 U.S. 761, 767 (1945), that "the states have not been deemed to have authority to impede substantially the free flow of commerce from state to state, or to regulate those phases of national commerce . . .."  It is clear, however, that the Supreme Court in *Southern Pacific* was dealing with a state statute, the Arizona Train Limit Law.  Consequently, the Court on this record rejects BNSF's argument that an alleged violation of the dormant commerce clause can be based on governmental action taken other than pursuant to a statute or other legislative action.

Nonetheless, BNSF correctly argues in the alternative that it has alleged the "legislative action" element of a claim based on the dormant commerce clause. Specifically, BNSF notes that it alleges in the Sixth Amended Complaint that Fort Bend County's use of eminent domain proceedings in this case violates the dormant commerce clause because it creates a burden on interstate commerce and because Fort Bend County's expressed reason for the crossing could be accomplished equally

through other means that create a lesser burden on interstate commerce. Fort Bend County disagrees and argues that its purchase of the property on which the crossing is located, together with the decision of the Fourteenth Court of Appeals, render the eminent domain law irrelevant. The Court, on a motion to dismiss, is generally restricted to the allegations in the operative complaint. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *see also Henrise v. Horvath*, 45 F. App'x. 323, *8 n.4 (5th Cir. June 28, 2002). Although the County's argument, if supported by competent summary judgment evidence, could be persuasive, there is no allegation in the Sixth Amended Complaint that Fort Bend County now owns the property. As a result, the argument is not a proper basis for Rule 12(b)(6) dismissal of a claim that otherwise adequately alleges a violation of the dormant commerce clause.

### III. <u>CONCLUSION AND ORDER</u>

Fort Bend County argues correctly that a § 1983 cause of action based on the dormant commerce clause requires a statute, regulation, or other legislative action that has an impact on interstate commerce; the claim cannot be based on non-legislative "government action." BNSF has adequately alleged a § 1983 claim based on the dormant commerce clause, however, by alleging that Fort Bend County's use of eminent domain proceedings had an incidental effect on interstate commerce and that the burden imposed on interstate commerce by the widening of the roadway crossing

the Booth Passing Track is clearly excessive because the same purpose could be accomplished through available means that have a lesser impact on interstate activities. As a result, BNSF has stated a claim for relief and dismissal is not appropriate. The issue may be revisited, if appropriate, if Fort Bend County files a Motion for Summary Judgment (with supporting evidence) by the August 31, 2009, deadline contained in the Court's current scheduling order. It is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 127] is **DENIED**. It is further

**ORDERED** that Fort Bend County shall file its Answer to the Sixth Amended Complaint within thirty (30) days after entry of this Memorandum and Order. If Fort Bend County intends to assert a counterclaim, it must do so in its Answer to BNSF's Sixth Amended Complaint.

SIGNED at Houston, Texas, this 29th day of **April, 2009**.

Nancy F. Atlas
United States District Judge